[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12341
Non-Argument Calendar

_____

D. C. Docket No. 07-00178-CR-W-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER KENDELL RUSH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 15, 2009)

Before DUBINA, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Christopher Kendell Rush appeals his convictions for possession of a

firearm by a convicted felon and possession of ammunition by a convicted felon, both in violation of 18 U.S.C. § 922(g)(1).  Rush asserts the trial court erred in denying his motion for judgment of acquittal because the evidence presented at trial was insufficient to allow a reasonable juror to find beyond a reasonable doubt he possessed the firearm and ammunition found in the vehicle in which he was riding.  We disagree.

The following evidence, which was presented at trial, was sufficient to support the jury's finding that Rush constructively possessed the firearm and ammunition:  (1) the firearm was found in the glove compartment, in close proximity to the passenger seat in which Rush was sitting, and the ammunition was found underneath the seat; (2) Rush appeared extremely nervous and kept reaching underneath the passenger seat; (3) Rush provided officers with a false name and then fled; and (4) once Rush was apprehended, officers found on his person five spent shell casings of the same caliber as the firearm and ammunition in the vehicle.  Viewing this evidence together and in the light most favorable to the Government, there was a sufficient basis for a reasonable jury to find Rush guilty of constructively possessing the firearm and ammunition.

Rush also asserts Officer Warren's testimony was not credible because, although he testified that live rounds were found in Rush's pocket, the report

2

Warren wrote the night of the incident does not mention the recovery of any live rounds from Rush's person. While it is true Warren's report contradicted his testimony in this way, Warren explained the inconsistency, stating it had been a while since the incident occurred and conceding it was possible that no live rounds were found in Rush's pockets. As explained above, Rush's conviction did not rest solely on this evidence. Furthermore, credibility determinations are to be made by the jury and the fact Warren's testimony contained one inconsistency, for which he offered an explanation, does not necessarily discredit the remainder of his testimony, most of which was corroborated by Officer Kovacic's testimony. *See United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006) (holding "[t]he jury gets to make any credibility choices, and [this Court] will assume that they made them all in the way that supports the verdict").

In conclusion, the evidence presented at trial, when viewed in the light most favorable to the Government, was sufficient to allow a reasonable jury to find Rush constructively possessed the firearm and ammunition. Accordingly, we affirm Rush's convictions.

**AFFIRMED.**